UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EMANUEL CANCIO AVILA SANCHEZ,

Petitioner,

v. Case No.: 2:26-cv-2228-SPC-KRH

MARKWAYNE MULLIN *et al.*,

Respondents.
_____________________________________/

**OPINION AND ORDER**

Before the Court are Emanuel Cancio Avila Sanchez's Expedited Motion to Enforce Judgment and for Immediate Release (Doc. 15) and the government's response (Doc. 17).

Avila Sanchez is native of Cuba who was paroled into the United States in 2024 and timely applied for adjustment of status under the Cuban Adjustment Act. He is married to a lawful permanent resident and has no criminal history. On June 13, 2026, roving Border Patrol agents arrested Avila Sanchez because of his immigration status. On August 13, 2026, this Court granted Avila Sanchez's habeas petition and ordered the following relief:

> The Court orders the Respondents to bring Petitioner before an immigration judge for an individualized bond hearing within ten days of the date of this Order. The hearing must include--and the resulting order must reflect--consideration of the factors set forth in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the government must bear the burden of proof. If Respondents are unable to ensure Petitioner receives a bond

> hearing that complies with this Order within ten days, they must release him under reasonable conditions of supervision.

(Doc. 13).

Immigration Judge Frank Pimentel held a custody redetermination hearing on August 19, 2026. While he openly disagreed that Avila Sanchez is entitled to a bond hearing, he allowed it to proceed. The Department of Homeland Security (DHS) presented just one piece of evidence—Avila Sanchez's recently filed I-589 application for asylum. DHS argued Avila Sanchez is a flight risk because the I-589 application is untimely and thus speculative. DHS made no further argument and did not address the *In re Guerra* factors or Avila Sanchez's pending application for adjustment of status. Judge Pimentel found Avila Sanchez a flight risk based on presumptions that his I-589 application is speculative and that his marriage is a sham.

Avila Sanchez claims the bond hearing did not comply with this Court's order because the bond order does not reflect consideration of the *In re Guerra* factors and because the immigration judge did not require DHS to bear the burden of proof. The Court agrees. DHS presented no evidence or argument on any *In re Guerra* factor, and the bond order does not reflect that Judge Pimentel considered the *In re Guerra* factors or Avila Sanchez's individual circumstances. Because the respondents did not afford Avila Sanchez an individualized bond hearing that complied with the Court's August 13, 2026

Order, Avila Sanchez is entitled to the alternative remedy—release from custody.

Accordingly, Avila Sanchez's motion (Doc. 15) is **granted**. The respondents shall release Avila Sanchez within 12 hours of this Order and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

**DONE AND ORDERED** in Fort Myers, Florida on August 26, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record